Appellant, Howard C. Mangold, appeals a decision of the Portage County Court of Common Pleas finding him to be in contempt of court for disobedience of court orders. For the reasons that follow, we affirm the trial court's judgment.
The following facts are relevant to a determination of this appeal. On March 1, 1990, appellees, Randolph Township Trustees, filed a complaint in the trial court alleging that appellant was in violation of the Randolph Township Zoning Resolutions by maintaining a junkyard on his residentially-zoned property. The matter was tried to the court on March 1, 1994. On March 9, 1994, the trial court granted a permanent injunction in favor of appellees directing appellant to cease maintaining a junkyard on his property and ordering him to immediately remove "all junk, debris, and unused farm machinery and vehicles" from the subject property.
On May 25, 1994, appellees filed a contempt motion against appellant for failure to comply with the trial court's order to clean up his property. On June 20, 1994, following a hearing, appellant was found to be in contempt of court. He was fined $500 and sentenced to serve ten (10) days in the Portage County Jail.
On August 2, 1994, appellees filed another contempt motion against appellant for failure to comply with its original judgment of March 9, 1994. Appellees renewed their motion on October 6, 1994. On November 22, 1994, following another hearing, appellant was found to be in contempt for a second time. Once again, appellant was fined $500 and sentenced to serve ten (10) days in jail.
On April 23, 1996, appellees filed a third contempt motion against appellant for failure to comply with the March 9, 1994 judgment. On June 17, 1996, following a hearing, appellant was found to be in contempt of court again. Appellant was fined $250 and given thirty (30) days to comply with the March 9, 1994 judgment. Additionally, if appellant had not complied by July 1, 1996, he would be assessed an additional fine of $250 per day for each day thereafter that the property remained in noncompliance.
On July 21, 1997, appellees filed a fourth contempt motion against appellant for failure to comply with the March 9, 1994 judgment. On October 9, 1997, following a hearing, the trial court found appellant to still be in contempt of court. In the judgment, appellant was ordered to pay a fine of $110,250 representing the $250 per-day fine from July 1, 1996. Appellant was also given thirty (30) days to bring his property into compliance with the March 9, 1994 judgment.
Appellant timely filed a notice of appeal with the following assignments of error:
 "1. The trial court committed prejudicial error in denying appellant the use of his property for agricultural purposes.
 "2. The trial court erred to the prejudice of the appellant in allowing the zoning inspector to rule that appellant's personal property is junk instead of enforcing the zoning regulation as to land use.
 "3. The trial court committed prejudicial error in finding appellant in contempt of a court order that is so vague and arbitrary that it denies him due process of law."
In the first assignment of error, appellant contends that the trial court erred in denying him the use of his property for agricultural purposes. Essentially, appellant contends that his property was being used for agricultural purposes and that it should not have been classified as a junkyard. Appellant bases his claim on the fact that much of the equipment rusting in his yard is farm equipment that he periodically uses.
R.C. 2705.05(A), however, provides that in all contempt proceedings, the court shall conduct a hearing, investigate the charge, hear any answer or testimony that the accused makes or offers, and determine whether the accused is guilty of the contempt charge. The trial court does not have the option of reconsidering the merits of the original case. The original finding, that the yard was in fact a junkyard, was made by the trial court on March 9, 1994, and that judgment was not appealed. There are alternative means available to a party to challenge the court's original order. None of these were attempted by appellant and this is not the proper place to raise them for the first time. It is simply too late to raise as issue that should have been raised in March 1994. Thus, appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred in allowing the Randolph Township Zoning Inspector to rule that appellant's personal property was junk instead of enforcing the zoning regulation as to land use.
Whether the Zoning Inspector referred to items in appellant's yard as "junk" or "keepsakes" simply made no difference during the contempt proceedings. The only question before the trial court was whether or not appellant had complied with the March 9, 1994 order. The Zoning Inspector testified that appellant had failed to remove all of the objectionable items and, thus, had not complied with the earlier judgment. Thus, the trial court properly concluded that appellant was in contempt of court. Accordingly, appellant's second assignment of error is without merit.
In the third assignment of error, appellant submits that the trial court erred in finding him to be in contempt of an order that was so vague and arbitrary that it denied him due process of law. Once again, appellant is attacking the propriety of the March 9, 1994 judgment. The window of opportunity to challenge that judgment is closed. Additionally, appellant did not raise this due process argument in the trial court and, thus, he is precluded from raising it in the appellate court. In re Carroll
(1985), 28 Ohio App.3d 6, 7. Thus, appellant's third assignment of error is without merit.
Based upon the foregoing analysis, the judgment of the trial court is affirmed.
 ------------------------ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.